# United States Court of Appeals
# for the Fifth Circuit

No. 21-60717
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 28, 2023

Lyle W. Cayce
Clerk

Normandina Yolanda Menocal-Bardales; Ely Lizbeth Bardales-Menocal,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 150 592
Agency No. A208 150 593

---

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Normandina Yolanda Menocal-Bardales, a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal from an order of the Immigration Judge (IJ) denying her application for asylum and denying protection under the

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-60717

Convention Against Torture (CAT).[1] "We have authority to review only the decision of the BIA, not the IJ, unless the IJ's decision influenced the BIA's decision." *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). We review the BIA's decision for substantial evidence, reversing only if "the evidence is *so compelling* that *no reasonable factfinder* could reach a contrary conclusion." *Gjetani v. Barr*, 968 F.3d 393, 396 (5th Cir. 2020) (internal quotation marks and citation omitted).

Menocal-Bardales argues that neither the IJ nor the BIA gave an adequate explanation for their respective decisions denying asylum. We disagree. Both decisions sufficiently "reflect meaningful consideration of the relevant substantial evidence." *Abdel-Masieh v. U.S. I.N.S.*, 73 F.3d 579, 585 (5th Cir. 1996). On the merits, Menocal-Bardales does not challenge the BIA's determinations that she failed to establish past persecution and failed to establish a nexus between the harm alleged and her asserted particular social groups. She has therefore abandoned any such claims, and we need not address them. *Sharma v. Holder*, 729 F.3d 407, 411 n.1 (5th Cir. 2013).

Regarding her CAT claim, Menocal-Bardales fails to show that the evidence compels the conclusion that she more likely than not would be tortured if repatriated. *See Chen v. Gonzales*, 470 F.3d 1131, 1140-41 (5th Cir. 2006); *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015). And while Menocal-Bardales again argues that the IJ and the BIA did not sufficiently analyze the evidence relating to the possibility of future torture, we again disagree. Both decisions "reflect meaningful consideration" of the evidence related to Menocal-Bardales's CAT claim. *Abdel-Masieh*, 73 F.3d at 585. The petition for review is DENIED.

---

[1] Menocal-Bardales's minor daughter is a derivative applicant on the application.